WASHINGTON STATE SUGAR CO. v. SHEPPARD et al.

(Circuit Court, D. Idaho, N. D. February 21, 1911.)

1. WATERS AND WATER COURSES (§ 152*)—DETERMINATION OF WATER RIGHTS—PARTIES—"INDISPENSABLE PARTIES."

The right of a claimant to use the waters of a natural stream for beneficial purposes, where the same has been acquired by compliance with the law governing the appropriation of water in the arid region, is several, and it may be protected from interference by any one or all of the other

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

several claimants of similar rights, and all of such several claimants are not "indispensable parties," in the sense that without their presence the court may not grant any relief.

[Ed. Note.—For other cases, see Waters and Water Courses, Dec. Dig: § 152.*]

2. WATERS AND WATER COURSES (§ 152*)—DETERMINATION OF WATER RIGHTS—PARTIES.

Under the rule that equity aims to settle in a single suit the rights of all the persons interested in the subject-matter, it is important that all claimants to the right to divert the waters of a natural stream for beneficial purposes shall be brought into the same court in a single action and therein required to wage their claims, so that such claims necessarily more or less interdependent and conditioned on one another may be settled by a single decree.

[Ed. Note.—For other cases, see Waters and Water Courses, Dec. Dig. § 152.*]

3. EQUITY (§ 115*)—JURISDICTION—PARTIES.

Under general equity rule No. 47, authorizing the court in its discretion to proceed without making persons parties which if joined would oust the jurisdiction of the court, the court in a suit to enjoin defendants from interfering with complainant's diversion of water from a stream for irrigation purposes will in its discretion require complainant, who has commenced a suit in a state court to enjoin interference by others to make all parties interested parties to the suit, though the court will be ousted of jurisdiction thereby.

[Ed. Note.—For other cases, see Equity, Cent. Dig. §§ 280–283; Dec. Dig. § 115.*]

4. WATERS AND WATER COURSES (§ 152*)—INTERFERING WITH DIVERSION OF WATER—ACTIONS.

Where a bill to enjoin defendants from interfering with complainant's diversion of water from a natural stream for irrigation purposes, and to determine the several rights of the parties to the waters of the stream, alleges facts apparently sufficient to warrant the relief demanded, the fact that the bill also prays for a permanent injunction restraining defendants from interfering with complainant's ditch and works and physically injuring the same merely makes such relief incidental, and all the parties interested in the waters of the stream must be made parties.

[Ed. Note.—For other cases, see Waters and Water Courses, Dec. Dig. § 152.*]

5. WATERS AND WATER COURSES (§ 152*)—INTERFERING WITH DIVERSION OF WATER—ACTIONS.

Where, in a suit to enjoin defendants from interfering with complainant's diversion of water from a natural stream for irrigation purposes, and to determine the several rights of the parties to the waters of the stream, it appeared that third persons not made parties claimed the right to use the waters of the stream, and that their use diminished the supply available for other purposes, and it was difficult, if not impossible, to determine how much water complainant should be required to permit to pass through its dam to supply the rights of the defendants without also determining the rights of the third persons, the third persons were necessary parties to a complete adjudication.

[Ed. Note.—For other cases, see Waters and Water Courses, Dec. Dig. § 152.*]

Suit by the Washington State Sugar Company against Samuel Sheppard and others. Pleas presenting the question of defect of parties allowed, with leave to amend the bill, or to join issue on the pleas.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Allen & Allen and F. D. Allen, for complainant.

Edwin McBee, F. M. Curtis, A. C. Remele, E. N. La Veine, and M. C. King, for defendants.

DIETRICH, District Judge. The amended pleas to the complaint present the question whether or not in a suit brought by the plaintiff against several defendants to enjoin them from interfering with the plaintiff's diversion of water from a natural stream for irrigation purposes, and to determine the several rights of the parties to the waters of the stream, the plaintiff should be required, by amendment, to bring in all parties asserting similar claims; it appearing that substantial, if not the principal, claimants to the right to use the waters of the stream involved are not parties. The requisite diversity of citizenship between the present parties to confer jurisdiction upon this court exists, and objection to the pleas is based largely upon the fact that, if the other claimants who are residents of the state of Washington are made parties defendant, jurisdiction would necessarily be lost.

Upon behalf of the defendants who interpose the pleas, it is urged that the other claimants are "indispensable" parties. Accepting the term in its technical sense as being descriptive of a party without the presence of whom the court cannot grant any relief, the contention is not thought to be well taken. [1] The right of a claimant to use the waters of a natural stream for beneficial purposes, where the same has been acquired by compliance with the laws governing the appropriation of water in the arid region, is several, and it may be protected from interference by any one or all of the other several claimants of similar rights. If the position of the defendants were well taken, it would follow that no court could adjudicate a suit of such character without first acquiring jurisdiction over the persons of all of the claimants, or at least jurisdiction over all of the claims, and, if that were true, many cases would arise where an injured party would be without remedy because of the lack of a tribunal of competent jurisdiction. Streams not infrequently arise in one state and flow into, and perhaps pass through, another. In such case it may well happen that one group of claimants resides in one state and diverts water from a given stream in that state for the irrigation of land situate therein, whereas another group, residing in an adjoining state, diverts water in such adjoining state for the irrigation of lands situate therein. Under such conditions, it would be impossible for one of the claimants to force all of the others into any tribunal in a single suit.

But, while a claimant is not an indispensable party, he is, upon the other hand, not merely a formal party. He is a "necessary" party. [2] It is a familiar principle that a court of equity delights to do complete justice, and that it constantly aims to settle the rights of all persons interested in the subject-matter, not in piecemeal, but in a single suit, in order that individuals may not be harrassed by a multiplicity of actions, and that there may be uniformity and unity of adjudication. To this end, it is highly important that all claimants to the right to divert the waters of a natural stream for beneficial purposes should

be brought into the same court in a single action, and therein required to wage their claims, in order that such claims, necessarily more or less interdependent and conditioned one upon the other, may be settled and defined by a single decree. The cogency of the reasons for such course is so thoroughly appreciated that almost invariably the state courts in the arid region, where the doctrine of appropriation prevails, have shown solicitude, and have exercised great care, in requiring that all claimants be made parties in suits of this character.

[3] General equity rule No. 47 provides that:

"In all cases where it shall appear to the court that persons who might otherwise be deemed necessary or proper parties to the suit cannot be made parties by reason of their being out of the jurisdiction of the court, or incapable otherwise of being parties, or because their joinder would oust the jurisdiction of the court as to the parties before the court, the court may, in their discretion, proceed in the case without making such persons parties; and in such cases the decree shall be without prejudice to the rights of the absent parties."

Under this rule, if the view I have taken be correct, namely, that the other claimants are "necessary" parties, it is discretionary whether or not the plaintiff shall be required to bring them in, and, under the circumstances of the case, I am inclined to think that such requirement should be made, even though by so doing the court should lose jurisdiction. It is not a case where, if this court relinquishes jurisdiction, the plaintiff is left without a remedy or access to a competent tribunal. If I read the pleadings correctly, the stream in controversy, and all of the lands to be irrigated therefrom are situate in Kootenai county, Idaho, where most of the parties reside. In order to protect itself against certain claimants, complainant has already been compelled to commence a suit in the state court to enjoin interference by some of those whom it has failed to make parties to the present action. By amendment of the complaint in that case all of the claimants, including the defendants here, could be made parties, and by pursuing such a course instead of having at least two suits, in two distinct jurisdictions, resulting in two different decrees, each adjudicating a part of the same general subject-matter, the plaintiff could obtain a single decree adjudicating the entire controversy.

[4] It is suggested by counsel for the complainant that perhaps the principal relief sought by the bill is a permanent injunction restraining the defendants from interfering with its ditch and works, and physically injuring the same. But while such relief is prayed for, as the present bill is framed, it appears to me to be incidental only, and to depend upon an adjudication of the several rights of the claimants. It is very easy to imagine a case where all of the claimants of the waters of a natural stream would not be necessary, or even proper, parties to a suit brought by one to enjoin another from trespassing upon and injuring his ditch or other diverting works. Such controversy might not in any real sense involve a determination of the rights of any of the parties except the owner of the ditch and the alleged trespasser. But here the averments of the bill are apparently sufficient to warrant the relief demanded, and the prayer is that the right of the complainant to eleven cubic feet of water per second be

quieted, except as to the right of one of the defendants to receive one-half of a cubic foot per second, and the right of some of the other defendants also to receive one-half of a cubic foot per second. Plaintiff also prays that the defendants John Ford and wife be enjoined from preventing any water turned loose by the plaintiff from flowing down the channel to supply the needs of certain other defendants, and also from diverting any water of the stream except when there is sufficient flowing down the stream below the plaintiff's headgate to supply the parties entitled thereto below the point of diversion of the ditch belonging to John Ford. In short, the prayer in all substantial respects embraces the relief usually prayed for in what is commonly called a water suit, an action brought to adjudicate the rights of several claimants to the use of the waters of a natural stream, for beneficial purposes.

[5] It is also suggested that the parties whom the defendants now ask to have the plaintiff bring in were not in any manner interfering with the rights of the complainant at the time the suit was commenced, but it is abundantly shown that they were claiming the right to use water from the stream, and it is also obvious that their use diminishes the supply available for other persons, and that it is extremely difficult, if not impossible, to determine how much water the plaintiff should be required to permit to pass through or over its dam in order to supply the rights of the defendants, without also determining the measure of the rights of the other claimants lower down on the stream who are not made parties defendant. And, if I rightly comprehend the facts, sooner or later, before any decree rendered by this court could be made practically effective, it would be necessary to have an adjudication of the rights of the other claimants who are not made parties to this suit, for, until such rights have been judicially determined, this court would have no means of knowing what amount of water it should compel the plaintiff to permit to pass over its dam as a condition to an injunction restraining the defendants from interfering with its diversion from the stream.

The pleas will therefore be allowed, with leave to the plaintiff either to amend its bill or to join issue and go to proof upon the pleas, the amended bill or the replication to the pleas to be filed within 15 days from the date hereof.